MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 157
Docket:        Cum-18-284
Submitted
  On Briefs:   November 28, 2018
Decided:       December 6, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.


IN RE CHILD OF ADAM E.


PER CURIAM

[¶1]     Adam E. appeals from a judgment of the District Court (Portland, *Powers, J.*) terminating his parental rights to his child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i)-(ii) (2017).[1]   The father contends that the evidence was insufficient to support the court's findings by clear and convincing evidence that (1) he is unable to protect the child from jeopardy or to take responsibility for him within a time reasonably calculated to meet the child's needs, and (2) termination is in the child's best interest. *See id.*  We affirm the judgment.

[¶2]  The court based its determinations on the following findings of fact, all of which are supported by competent evidence in the record:

> [The father] loves his son but has not cared for him for years.  The
> father has had chronic homelessness and mental health issues.  He
> has not had a stable house for his son and lived outside as recently

---

[1]  The mother consented to a termination of her parental rights and is not a party to this appeal.

as the winter of 2017-18. [The father] has had a chaotic lifestyle himself and only recently found an apartment. He continues to live with a woman with a concerning child protection history involving termination of her parental rights.

The child's father only had supervised visits which were suspended twice for inconsistent attendance. Recently he has seen [the child] three hours on Friday afternoons, and again there have been inconsistent visits. He is a hard worker and seems to have prioritized work over child issues. He has not learned about his son's services or school issues. He did not ask DHHS to check out his new apartment for possible trial placement. [The father] has not had unsupervised contact. His statement that he can meet this child's many needs now is unrealistic.

This child has considerable needs to address his anxiety and behavioral issues and will require services for a long time. [The father] has not participated in services and has not shown an understanding of these issues. He wants to be a parent but has not shown he has the ability to do so throughout this case, despite his stated desire to do so now.

. . . .

This child has many needs despite receiving extensive services to address his mental health and behavioral issues. He has been supported in that endeavor by the . . . foster family, which is able to understand and meet his needs. It has proven to be an excellent home. He has improved over about two years as part of this family while still needing ongoing support for years. His father has not shown an ability to understood these issues or meet such needs.

Termination will provide the permanence, stability, and consistency that this boy needs. Uncertainty over the occurrence of parental visits will end. . . . He will not face removal from his family, as has occurred twice before with his biological parents. There will be no more court reviews after adoption and his services

will still continue . . . . All of this should help [the child] continue to improve his mental health, social, and behavioral issues.

This is clearly best for [the] young [child], even though it may take away his father's contact. That itself has been inconsistent and a source of stress.

[¶3] Reviewing the factual findings supporting the court's unfitness and best interest determinations for clear error, and further reviewing the court's ultimate conclusion that termination is in the child's best interest for an abuse of discretion, we determine that the court's findings and conclusions are supported by this record. *See In re Child of Portia L.*, 2018 ME 51, ¶ 2, 183 A.3d 747; *see also Sullivan v. George*, 2018 ME 115, ¶ 13, 191 A.3d 1168 ("A fact-finding is clearly erroneous only if there is no competent evidence in the record to support it." (quotation marks omitted)). Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

Jason A. MacLean, Esq., Bridgton, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket number PC-2016-54
FOR CLERK REFERENCE ONLY